UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALLIANCE FOR ADA COMPLIANCE, INC.,
JOHN GARON and VATRICE RIVERA,

        Plaintiffs,

vs.

GMH/PLANTATION PROMENADE, LTD.,

        Defendant.

_____/

CASE NO **00 - 06053**

**CIV-ZLOCH**

SELTZER
MAGISTRATE JUDGE

**INJUNCTIVE RELIEF SOUGHT/**
**JURY TRIAL DEMANDED**

## C O M P L A I N T

Plaintiffs, ALLIANCE FOR ADA COMPLIANCE, INC., JOHN GARON and VATRICE RIVERA, (hereinafter, "Plaintiffs"), by and through the undersigned counsel, hereby sues the Defendant, GMH/PLANTATION PROMENADE, LTD., for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, et seq. (hereinafter, the "ADA") and 28 CFR 36.505, and alleges as follows:

### JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiffs' claims arising under 42 U.S.C. §§12181, et seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§2201 and 2202).

### PARTIES

2.     Plaintiffs are residents of the State of Florida, are sui juris, and are disabled as defined by the ADA.

3.     Plaintiffs have suffered and continue to suffer direct and indirect injury as a result of the Defendant's actions or inaction described herein.



4.    The Defendant transacts business in the State of Florida and within this judicial district. Defendant is the owner, lessee and/or operator of the real property and improvements which are the subject of this action, commonly referred to as the Publix at Plantation Promenade Shopping Mall, located at Cleary Road & Nob Hill Road, Plantation, Florida (hereinafter, the "Building" or "Premises").

## FACTUAL ALLEGATIONS AND CLAIM

5.    On July 26, 1990, Congress enacted the Americans with Disabilities Act (hereinafter, the "ADA"), 42 U.S.C. §§12101, et seq.

6.    Congress found, among other things, that:

(i)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problems;

(iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser service, programs, activities, benefits, jobs, or other opportunities, and;

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an

2

equal basis to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

7.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)    invoke the sweeping congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101 (b)(1)(2) and (4).

8.    The congressional legislation provided commercial businesses one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. §12181; 28 CFR §36.508 (a).

9.    The Premises which is owned, leased and/or operated by the Defendant and which is the subject of this action includes a shopping complex containing service establishments and other public accommodations and facilities. Those establishments and facilities must be, but are unable to be, accessed by individuals with disabilities, including the Plaintiffs.

10.    Pursuant to 42 U.S.C. §12181 (7) and 28 CFR §36.107, the Building which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

11.    The Defendant has discriminated against the Plaintiffs and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Building, as prohibited by 42 U.S.C. § 12128, et seq., and by failing to remove architectural barriers as required by 42 U.S.C. §12182 (b) (2) (A) (iv).

12.    Pursuant to the mandates of 42 U.S.C. §12134 (a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA.  29 CFR Part 36.  These regulations require public accommodations to, inter alia:

(i)     install ramps with appropriate slope, handrails, landing areas and signage, and make curb cuts in sidewalks, entrances, stairs and/or otherwise provide an accessible, properly designated and obstructed route to and throughout the Building and to the primary functions of the Building;

(ii)    install the proper number or appropriate telecommunication devices for the individuals with hearing impairments, reposition telephones to appropriate levels, and/or provide requisite signage, electrical and acoustical outlets and shelf spaces;

(iii)   provide the requisite number of, properly located and/or properly designated disableped parking and/or drop-off areas with requisite signage;

(iv)    widen doors and doorways, provide requisite offset areas for opening doors, provide proper door hardware on doors, provide proper door hardware on doors, provide appropriate opening resistence on doors and/or provide appropriate closing delay on doors to allow required access and an accessible route throughout the Building and its facilities;

(vi)    provide requisite signage for all accessible routes throughout the Building and its facilities;

(vii)   modify rest rooms for accessibility, including, failing to:

a.      rearrange partitions and doors to increase maneuvering space and provide proper accessibility for individuals with disabilities;

4

b.     install appropriate grab bars around toilets;

c.     insulate pipes under sinks to prevent burns;

d.     provide appropriate clearance under sink(s) for accessability;

e.     provide appropriate and properly positioned controls and mechanisms on faucets and other rest room facilities;

f.     install toilet(s) and/or toilet seat(s) at appropriate heights;

g.     install full-length bathroom mirrors(s), or mirrors at the appropriate heights and/or angle;

h.     position toilet paper dispenser(s). paper towel dispenser(s) and/or soap dispensers at appropriate heights;

i.     Provide the appropriate number of and/or properly equipped shower stalls, with proper and/or properly positioned controls and mechanisms on faucets; shower heads and other shower facilities;

(ix)     provide adequate and appropriate signage for disability facilities;

(x)     provide adequate, properly positioned and/or appropriate visual and audible alarms and notification devices;

(xi)     provide drinking fountains with appropriate controls. spout height and/or accessibility;

(xii)     provide air conditioning controls, emergency pull switches, and other controls and mechanisms at appropriate heights and/or with appropriate controls; and/or

(xiii)     provide appropriately positioned reservation, information and/or service counters,

by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less).  42 U.S.C. 12181, et seq., and 28 CFR 36.302, et seq.

13.     Defendant has discriminated against Plaintiffs by failing to comply with the above requirements.  A specific, although not exclusive, list of Defendant's ADA violations are as follows:

(i)     the disabled parking space located across from 10095 Cleary Boulevard has no adjacent access aisle and does not meet the minimum width;

(ii)    the disabled parking space sign located across from 10095 Cleary Boulevard is not the proper height;

(iii)   the disabled parking space located across from 10067 Cleary Boulevard has no adjacent access aisle and does not meet the minimum width;

(iv)    the disabled parking space sign located across from 10067 is not the proper height;

(v)     the disabled parking space located across from 10065 Cleary Boulevard (west entrance to Publix) has no access aisle and does not meet the minimum width;

(vi)    the disabled parking sign located across from 10065 Cleary Boulevard (west entrance to Publix) is not the proper height;

(vii)   the disabled parking space located across from 10065 Cleary Boulevard (east of west entrance to Publix) has no adjacent aisle and does not meet the minimum width;

(viii)  the disabled parking sign located across from 10065 Cleary Boulevard (east of west entrance to Publix) is not the proper height;

(ix)    the disabled parking space located across from 10065 Cleary Boulevard (west of east entrance to Publix) is not the proper height;

(x)     the disabled parking sign across from 10065 Cleary Boulevard (west of east entrance to Publix) is not the proper height;

(xi)    the disabled parking space located across from 10065 Cleary Boulevard (east entrance to Publix) has no access aisle and does not meet the minimum width;

(xii)   the disabled parking sign located across from 10065 Cleary Boulevard (east entrance to Publix) is not the proper height;

(xiii)  the disabled parking space located across from 10061 Cleary Boulevard has no access aisle and does not meet the minimum width;

6

(xiv)   the disabled parting sign located across from 10061 Cleary Boulevard is not the proper height;

(xv)    the disabled parking space located across from 10047 Cleary Boulevard has no access aisle and does not meet the minimum width;

(xvi)   the disabled parking sign located across from 10047 Cleary Boulevard is not the proper height;

(xvii)  the disabled parking space located across from 10039 Cleary Boulevard does not have an access aisle and does not meet the minimum width;

(xviii) the disabled parking sign located across from 10039 Cleary Boulevard is not the proper height;

(xix)   the disabled parking space located across 10029 Cleary Boulevard does not have an access aisle and does not have the minimum width;

(xx)    the disabled parking space located across from 10029 Cleary Boulevard is not the proper height;

(xxi)   the disabled parking space located across from 10011 Cleary Boulevard does not have an access aisle and does not have the minimum width;

(xxii)  the disabled parking sign located across from 10011 Cleary Boulevard is not the proper height;

(xxiii) the disabled parking space located across from 10001 Cleary Boulevard does not have an access aisle and does not have the minimum width;

(xxiv)  the disabled parking sign located across from 10001 Cleary Boulevard is not the proper height;

(xxv)   the disabled parking space located at 10191 Cleary Boulevard (space at west end) does not meet the minimum width;

(xxvi)  the two disabled parking signs located at 10191 Cleary Boulevard are not the proper height;

(xxvii) the two disabled parking spaces located at 10197 Cleary Boulevard do not an access aisle and do not have the minimum width;

(xxviii) the two disabled parking signs located at 10197 Cleary Boulevard are not the proper height;

(xxix)  the disabled parking space located at 850 Nob Hill Road does not have an access aisle and does not have the minimum width;

(xxx)  the disabled parking sign located at 850 Nob Hill Road is not the proper height;

(xxxi)  the passenger loading zone at 10041 Cleary Boulevard does not have an access aisle;

(xxxii) the passenger loading zone located at 10041 Cleary Boulevard does not have a curb ramp;

(xxxiii) the ramp located at 10065 Cleary Boulevard (west entrance to Publix) does not have handrails on each side for a horizontal projection greater than 72";

(xxxiv) the ramp located at 10065 Cleary Boulevard (west entrance to Publix) does not have a detectable warning surface;

(xxxv) the ramp located at 10065 Cleary Boulevard (west entrance to Publix) does not have handrails on each side for a horizontal projection greater than 72";

(xxxvi) the ramp located at 10065 Cleary Boulevard does not have a detectable warning surface;

(xxxvii) the ramp located at 10001 Cleary Boulevard (Beverly Hills Café) does not have handrails on each side for a horizontal projection greater than 72";

(xxxviii) the ramp located at 10001 Cleary Boulevard does not have a detectable warning surface.

14.    The Plaintiffs have been denied access to, and have been denied the benefits of services, programs and activities of, the Building and its facilities, and have otherwise been discriminated against and damaged by the Defendant, because of Defendant's ADA violations set forth above.

8

15.    Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action, and have agreed to pay the undersigned counsel reasonable attorneys' fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

16.    Pursuant to 42 U.S.C. §12188, this Court is provided authority to grant Plaintiffs' injunctive relief including an order to alter the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

**WHEREFORE,** Plaintiffs respectfully request that the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices, ordering the Defendant to alter the subject Premises as appropriate to comply with the ADA, closing the subject Premises until the requisite modifications are completed, and awarding Plaintiffs their attorneys' fees, costs and expenses incurred in this action.

**<u>JURY TRIAL DEMAND</u>**

The Plaintiffs demand a trial by jury on all issues to be tried herein.


Dated: January _11_, 2000.

Respectfully submitted,

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.:  (954) 463-2001
Facsimile No.: (954) 463-0410
Counsel for Plaintiffs

_____
TODD W. SHULBY
Florida Bar No.: 068365

10

JS-44
Rev. 12/96

# CIVIL COVER SHEET

## 00-06053
## CIV-ZLOCH

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

ALLIANCE FOR ADA COMPLIANCE, INC.
JOHN GARON AND VATRICE RIVERA

**DEFENDANTS**

GMH/PLANTATION PROMENADE, LTD.

00 JAN 12 PM 12: 44

CLERK U.S. DIST. CT.
S.D. OF FLA-FTL

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Todd W. Shulby, Esq., Whitelock & Assoc.
300 SE 13th St., Ft. Lauderdale, FL
33316 Tel. 954-463-2001

ATTORNEYS (IF KNOWN)

SELTZER
MAGISTRATE JUDGE

CIRCLE COUNTY WHERE ACTION AROSE:    DADE,    MONROE,    (BROWARD),    PALM BEACH,    MARTIN,    ST. LUCIE,    INDIAN RIVER,    OKEECHOBEE    HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 791 Empl. Ret. Inc Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A OR B | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. Section 12181, THe Americans With Disabilities Act and 28 C.F.R36.505

LENGTH OF TRIAL
___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND:  [X] YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE ___   DOCKET NUMBER ___

DATE  1/11/99

SIGNATURE OF ATTORNEY OF RECORD
Todd W. Shulby, Esquire

FOR OFFICE USE ONLY

518281
1/12/00

150.00